WILLIAM G. BEECROFT and EDGAR C. BEECROFT, as Executors, etc., of JOHN R. BEECROFT, Deceased, Respondents, *v.* THE NEW YORK ATHLETIC CLUB OF THE CITY OF NEW YORK, Appellant.

*Trial — reading by the plaintiff's counsel of a part of the complaint to rebut a statement to the jury of the defendant's counsel.*

It is error for a judge presiding at a jury trial to refuse to allow the plaintiffs' counsel during his summing up to read a paragraph of the complaint, for the purpose of rebutting a statement made by the defendant's counsel in his summing up to the effect that one of the claims made by the plaintiffs was a great surprise to the defendant and was an afterthought.

APPEAL by the defendant, The New York Athletic Club of the City of New York, from an order of the Supreme Court, made at the Westchester Trial Term and entered in the office of the clerk of the county of Westchester on the 10th day of June, 1902, setting aside a verdict in favor of the defendant and granting a new trial of the action.

This is an action brought to recover damages for the death of the plaintiff's testator, caused by the alleged negligence of the defendant's servant in negligently driving the defendant's wagon, so that the plaintiff's testator was thrown therefrom and sustained injuries from which he died.

*Isaac N. Mills* and *John C. Gulick* for the appellant.

*George C. Appell*, for the respondents.

Order affirmed on the opinion of Mr. Justice KEOGH, with costs.

GOODRICH, P. J., BARTLETT, WOODWARD, HIRSCHBERG and HOOKER, JJ., concurred.

The following is the opinion of KEOGH, J., delivered at the Westchester Trial Term :

KEOGH, J. :

Whether Mr. Beecroft was using the club's stage as a convenience in going to his home, or, as a club member, was a passenger therein on his way to the club, was an important question in the case.

In the summing up the defendant's counsel stated that the claim made by the plaintiffs on the trial that Mr. Beecroft was on his way to the club to meet by appointment Mr. Hunter, another club member, was a great surprise to counsel and his client, and he strenuously argued that such claim was an afterthought and the testimony tending to prove it a fabrication. In answering this argument plaintiffs' counsel, during his summing up, said that he proposed to read from the 4th paragraph of the complaint to show that it was therein alleged that Mr. Beecroft was on his way to the club and not to his home when the accident occurred. This was objected to by defendant's counsel and the objection was sustained by the court. I am of opinion that this was error, and that plaintiffs' counsel had a right to read from the complaint to show that it contained an allegation that Mr. Beecroft was a passenger in the club's stage and on his way to the club at the time that he was killed.

It was also error to charge the jury that if the accident happened as the driver said it did then the plaintiff could not recover. It was, I am convinced, a question to be decided by the jury whether, if the occurrence took place as the driver testified it did, he was not guilty of negligence.

Both errors are in my judgment so plain and grave as to demand the granting of a new trial.